# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES GLEN LANTZ,<br><br>　　　　Plaintiff<br><br>v.<br><br>BRIAN HERMANSON<br><br>　　　　Defendant | Case No. CIV-19-906-F<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW the Plaintiff, James Glen Lantz, by and through counsel, and hereby alleges and states the following:

1. James Glen Lantz is a resident and citizen of the State of Oklahoma and resides within the Western District of Oklahoma.

2. Defendant Brian Hermanson is the district attorney for District 8, which includes Kay and Noble Counties of Oklahoma.

3. Defendant Hermanson is being sued in his individual and official capacity.

4. Defendant Hermanson is a resident and citizen within the Western District of Oklahoma.

5. The Plaintiff's causes of action are based upon the Defendant's denial of Mr. Lantz's federal constitutional rights including, but not limited to a violation of the 8th and 14th Amendments' prohibition against cruel and unusual punishment.

6. This deprivation of this right by Defendant acting under the color of state law is actionable under the provisions of 42 U.S.C. § 1983. Therefore, jurisdiction and venue is proper.

7. In 2016 Plaintiff James Lantz was sentenced in two cases, CF-2016-406 and CF-2008-238.

8. The court records show that at his sentencing hearing the court sentenced him to possession of CDS inside a Jail and possession of CDS.

9. These two sentences for James Lantz were ordered to run concurrently.

10. Fifteen days after that hearing, a judgment and sentence was prepared by the Kay County District Attorney's office that stated "consecutive" instead of "concurrently" as to the two sentences.

11. Defendant Hermanson is the final decision-maker and policy-maker for the Kay County District Attorney's office.

12. The Kay County District Attorney's office has a policy and procedure or practice and custom of not presenting the judgment and sentences to the defense attorneys for criminal defendants who have been sentenced.

13. This is evidenced by Plaintiff's judgment and sentence not being approved or signed off by his defense attorney in the case filings.

14. This violates Plaintiff's right to due process and right to counsel.

15. On or about October 27, 2017 James Lantz had been advised that the DOC

       records indicated his sentence was running consecutively, not concurrently as he was pled and sentenced to.

16.     In order to resolve this prior to his correct release date, Plaintiff filed a Motion to Modify Sentence Nunc Pro Tunc on December 1, 2017. The court clerk's office indicates a copy was provided to the district attorney.

17.     After being provided this motion which notified the Defendant that Mr. Lantz could potentially serve a second 5-year sentence that he did not plead to, Defendant Hermanson and his office made no effort to correct this action.

18.     After a more than five month delay, Plaintiff James Glen Lantz filed a Second Motion to Modify Sentence Nunc Pro Tunc on May 25, 2018.

19.     District Attorney Hermanson, being notified a second time that his office was unconstitutionally subjecting Mr. Lantz to a cruel and unusual punishment, did nothing at that time.

20.     On or about May 26, 2018, Department of Corrections records indicate that Mr. Lantz would have been released on this date had the Kay County District Attorney and/or his office corrected the judgment and sentence and sent it to the DOC.

21.     No amended judgment and sentence was set for hearing or presented to the judge until October 16, 2018.

22.     This subjected James Lantz to a deprivation of his freedom and cruel and

unusual punishment of sitting in a prison without knowing if he would ever be released without serving the full second sentence.

23. This deprivation of his rights and the cruel and unusual punishment of being provided no notice of any action during this time period lasted for 143 days and was caused by the Defendant's failure to amend the judgment and sentence after being provided notice of this incorrect filing on two occasions for nearly 10 months prior to his release.

24. This deprivation of his rights and cruel and unusual punishment was also caused by Defendant Hermanson's policy and procedure of not requiring a judgment and sentence to be signed by either the defendant or the defendant's attorney before being presented to the judge. This violates Plaintiff's due process and right to counsel rights.

25. As District Attorney of Kay County and as a member of the Oklahoma Bar Association, Defendant Hermanson has knowledge that criminal defendants have a right to due process, a right to counsel and a right to freedom from cruel and unusual punishment. Knowing these rights, Defendant Hermanson violated these by putting in place the aforementioned policy and procedure of not requiring a defendant and/or a defendant's attorney from approving a judgment and sentence prepared and/or presented by his office, which constitutes a deliberate indifference to James Lantz's rights.

26. Defendant Brian Hermanson, also being advised on two occasions thorough Plaintiff's motions to amend his judgment and sentence nunc pro tunc, exhibited a deliberate indifference by failing to perform any action until nearly 10 months after this notice was first provided.

27. As a result of Defendant's violations of Plaintiff's constitutional rights and violations of the 42 U.S.C. § 1983, Plaintiff James Lantz suffered damages including, but not limited to, mental anguish, loss of earning potential and a general disregard for his rights as a human and as a citizen of the United States of America.

WHEREFORE, the Plaintiff, James Glen Lantz, prays for judgment against the Defendant, Brian Hermanson, in his individual and official capacity for compensatory damages in a reasonable and just amount and in excess of the sum or value of $75,000.00, exclusive of interest and costs, to the Plaintiff and for all other relief deemed proper and just, including punitive damages and attorney fees.

Respectfully submitted,
WALSH & FRANSEEN

 s/ Derek S. Franseen
Micky Walsh, OBA No. 9327
Derek S. Franseen, OBA No. 30557
200 E. 10th Street Plaza
Edmond, OK 73034
Telephone: (405) 843-7600
Facsimile: (405) 606-7050
*Attorneys for Plaintiff*