# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| JAMES GLEN LANTZ, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| -vs- | ) | Case No. CIV-19-906-F |
| BRIAN HERMANSON, | ) |  |
| Defendant. | ) |  |

## ORDER

Before the court is Defendant District Attorney Brian Hermanson's Motion to Dismiss (doc. no. 4), filed October 23, 2019. Plaintiff, James Glen Lantz, has responded to the motion and defendant has replied. Upon due consideration of the parties' submissions, the court makes its determination.

I.

Plaintiff has filed a complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights. He seeks monetary relief against defendant, Brian Hermanson, in his individual capacity and in his official capacity as District Attorney for Kay County, Oklahoma. In his complaint, plaintiff alleges that in 2016, he was sentenced in two cases, CF-2016-406 and CF-2008-238, and the sentences were ordered to run concurrently. Plaintiff alleges that 15 days after the sentencing hearing, the Kay County District Attorney's office prepared a judgment and sentence stating the sentences were to run consecutive rather than concurrent. According to plaintiff, the Kay County District Attorney's office has a policy or custom of not presenting the judgment and sentence to defense attorneys for approval and signature. Plaintiff alleges that on October 27, 2017, he was advised by the

Oklahoma Department of Corrections (DOC) that his sentences were running consecutively rather than concurrently. On December 1, 2017, plaintiff filed a Motion to Modify Sentence Nunc Pro Tunc. Plaintiff alleges that a copy of the motion was provided to the district attorney by the court clerk's office, and after being provided with the motion, defendant and his office made no effort to correct the judgment and sentence. Plaintiff alleges that on May 25, 2018, he filed a Second Motion to Modify Sentence Nunc Pro Tunc. According to plaintiff, the DOC records indicated that he would have been released on May 26, 2018 if defendant or his office had corrected the judgment and sentence and sent it to the DOC. Plaintiff alleges that no amended judgment and sentence was set for hearing or presented to the judge until October 16, 2018. Plaintiff complains that defendant's action violated his constitutional rights to due process, to counsel and to freedom from cruel and unusual punishment.

Defendant has moved, pursuant to Rule 12(b)(6), Fed. R. Civ. P., to dismiss plaintiff's complaint. Defendant argues that plaintiff's claims against him in his individual capacity are barred by prosecutorial immunity, the holding of Heck v. Humphrey, 512 U.S. 477 (1994), the applicable two-year statute of limitations, the lack of personal participation in the alleged constitutional violations and qualified immunity. He argues plaintiff's claims against him in his official capacity are barred because states are not persons for purposes of § 1983 and Eleventh Amendment immunity.

II.

*Official Capacity Claims*

As stated, plaintiff seeks to recover monetary relief under § 1983 against defendant, Brian Hermanson, in his official capacity. "Official capacity suits represent another way of pleading an action against an entity of which an officer is an agent." Arnold v. McClain, 926 F.2d 963, 966 (10th Cir. 1991) (quotations

omitted). Under Oklahoma law, the district attorney is a state officer. *Id*.; *see also*, Laidley v. McClain, 914 F.2d 1386, 1391-92 (10th Cir. 1990). Hence, plaintiff is bringing his § 1983 claims against the state of Oklahoma. Arnold, 926 F.2d at 966. Such claims, however, are barred by the Eleventh Amendment, which prohibits bringing an action for damages against a state in federal court. *Id*. Moreover, they are barred because neither states nor state officers sued in their official capacity are "persons" within the meaning of § 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). The court thus concludes plaintiffs' claims against defendant, Brian Hermanson, in his official capacity, should be dismissed without prejudice.

III.

*Individual Capacity Claims*

Plaintiff also seeks to recover monetary relief under § 1983 against defendant, Brian Hermanson, in his individual capacity. Plaintiff complains that defendant violated his constitutional rights by preparing and presenting to the judge an erroneous judgment and sentence for his two criminal cases without seeking defense counsel's approval or signature. He also complains that defendant violated his constitutional rights by failing to prepare and present an amended judgment and sentence, upon plaintiff's filing of motions to modify. Plaintiff asserts that defendant did nothing in response to those motions until October 16, 2018, several months after he should have been released.

"Prosecutorial immunity bars claims for damages against a prosecutor sued in [his] individual capacity." Blair v. Osborne, 777 Fed. Appx. 926, 929 (10th Cir. 2019) (citing Lewis v. Clarke, 137 S.Ct. 1285, 1291 (2017)) (unpublished decision cited as persuasive pursuant to 10th Cir. R. 32.1(A)). Such immunity, which is absolute, applies for activities that are "'intimately associated with the judicial phase of the criminal process.'" *Id*., (quoting Imbler v. Pachtman, 424 U.S. 409, 430

3

(1976)). "[A]bsolute immunity may not apply when a prosecutor is not acting as 'an officer of the court,' but is instead engaged in other tasks, say, investigative or administrative tasks." Van de Kamp v. Goldstein, 555 U.S. 335, 342 (2009). When prosecutors are engaging in investigative or administrative tasks, they are protected only by qualified immunity which protects all public officials. Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993).

The distinction between the roles of "prosecutor" and "investigator" or "administrator" is not always clear. *See*, Imbler, 424 U.S. at 431 n. 33. However, the court concludes that defendant's alleged conduct in preparing and presenting an erroneous judgment and sentence to the court, without obtaining defense counsel's approval or signature, is one intimately associated with the judicial phase of the criminal process.[1] The court is satisfied that defendant was functioning as the state's advocate when performing the alleged conduct and was also functioning as an officer of the court.[2] The court also concludes that defendant's alleged conduct in failing to prepare and present an amended judgment and sentence, upon the filing of plaintiff's motions to modify, is one intimately associated with the judicial phase of the criminal process. It involves defendant's role as an advocate regarding the court's

---

[1] In his motion, defendant argues that he was not involved in the alleged conduct because he did not sign the subject plea agreement or judgment and sentences at issue. Instead it was handled by an assistant district attorney. For purposes of defendant's motion, the court assumes without deciding that defendant was personally involved in the alleged conduct. However, the court notes that the complaint alleges that defendant also had a policy and procedure of presenting the judgment and sentences to the court without prior submission to defense attorneys. The court concludes that defendant's promulgation of the alleged policy relating to the presentation of judgment and sentences would also fall within prosecutorial immunity. *See*, Van de Kamp v. Goldstein, 555 U.S. 335 (2009).

[2] The Tenth Circuit has stated that "absolute immunity may attach even to . . . administrative or investigative activities when these functions are necessary so that a prosecutor may fulfill his function as an officer of the court." PJ ex rel. Jensen v. Wagner, 603 F.3d 1182, 1195 (10th Cir. 2010).

4

sentence. The court therefore concludes that plaintiff's § 1983 claims based upon such conduct are barred by the absolute prosecutorial immunity.[3] Accordingly, the court finds that plaintiff's claims against defendant, Brian Hermanson, in his individual capacity, should likewise be dismissed without prejudice.

IV.

In his motion, defendant submitted evidence that an amended judgment and sentence was entered on May 31, 2018, requiring that plaintiff's sentences be served concurrently. He also submitted evidence of "time sheets" maintained by DOC, which defendant asserts show that plaintiff's sentence calculation was corrected, but even with the correction, plaintiff apparently had additional time left to serve on his other sentence and was released from incarceration on October 15, 2018.

In his response, plaintiff asks the court to grant him leave to amend his complaint. He concedes that an amended judgment and sentence appears to have been entered on May 31, 2018. However, he argues that the evidence shows that the district attorney's office did not fax the amended judgment and sentence to the DOC until October 15, 2018, and upon receipt, the DOC immediately released him. According to plaintiff, the evidence demonstrates that he did not have additional days to be served as argued by defendant. In addition, plaintiff contends that while defendant argues that he had no actions related to the matter, plaintiff sent correspondence to him, which was returned to him. In light of these circumstances, plaintiff asserts that defendant was on notice of plaintiff's wrongful incarceration.

Upon review, the court declines to grant leave to amend the complaint. Although not clear, it appears that plaintiff desires to amend his complaint to allege

---

[3] In his response, plaintiff cites Odd v. Malone, 538 F.3d 202 (3rd Cir. 2008) and cases cited therein to argue that defendant's actions were administrative rather than prosecutorial. The court finds the cited authority does not support a finding that defendant engaged in an administrative task with respect to the preparation and presentment of a judgment and sentence.

a § 1983 claim that his constitutional right to freedom from cruel and unusual punishment was violated by defendant's failure to fax the May 31, 2018 amended judgment and sentence to the DOC.

LCvR 7.1(c) provides that a response to a motion may not also include a motion made by the responding party. Moreover, LCvR 15.1 requires that a party moving for leave to amend a pleading attach the proposed pleading as an exhibit to the motion. No separate motion for leave to amend has been filed and no proposed pleading has been presented to the court.

In addition, the proposed amendment appears to be futile. The court does not base this upon the application of prosecutorial immunity or even the application of qualified immunity. Instead, the court notes that "[p]ersonal liability under § 1983 must be based on personal involvement in the alleged constitutional violation." Brown v. Montoya, 662 F.3d 1152, 1163 (10th Cir. 2011). And "[s]upervisory liability [under § 1983] allows a plaintiff to impose liability upon a defendant-supervisor who creates, promulgates, [or] implements . . . a policy . . . which subjects, or causes to be subjected that plaintiff to the deprivation of any rights . . . secured by the Constitution." Id. at 1163-1164. (quotation omitted). Plaintiff's evidence of the returned envelope from defendant does not demonstrate that defendant was personally involved or promulgated a policy or custom resulting in the delay of notification of the amended judgment and sentence to the DOC. There is nothing in plaintiff's response to establish that plaintiff could state a plausible § 1983 claim against defendant for not faxing the DOC the amended judgment and sentence until October 15, 2018. Accordingly, the court concludes that plaintiff should not be granted leave to amend his complaint.

V.

Based upon the reasons above stated, Defendant District Attorney Brian Hermanson's Motion to Dismiss (doc. no. 4), filed October 23, 2019, is **GRANTED**.

Plaintiff's 42 U.S.C. § 1983 complaint and action against defendant, Brian Hermanson, in his individual capacity and in his official capacity, is **DISMISSED WITHOUT PREJUDICE**.

IT IS SO ORDERED this 27th day of November, 2019.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

19-0906p003.docx